■ In the Matter of EMMA BELL, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determi-

nation of the respondent State commissioner, made January 26, 1979 after a statutory fair hearing, which affirmed the determination of the local agency denying petitioner's request for a supplemental allowance for furniture alleged to have been stolen when she was evicted from her living quarters. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remanded to the respondents for a new determination following a further hearing as to: (1) the circumstances of the alleged theft of petitioner's furniture and (2) whether the furniture presently in petitioner's dwelling in fact belongs to her landlord who is now trying to remove the furniture. The petitioner is a recipient of aid to dependent children benefits on behalf of herself and her five minor children. At issue is whether the denial of her application for a furniture allowance was unreasonable. At the fair hearing the only evidence introduced in support of the agency determination was a case summary which was read into the record by an agency employee who had no personal knowledge of the facts. A review of the record indicates that this case summary was based upon incomplete and partly illegible records. In contrast, the petitioner, who was not represented at the hearing, fully testified regarding the circumstances surrounding her eviction from premises which were condemned, the incidental theft and destruction of her furniture, the placement of her children in foster homes while she lived in a small furnished room, and the eventual return of the children and relocation of petitioner to her present residence where she had the temporary use of furniture owned by the landlord. Petitioner further claimed that prior to the theft of her furniture, she requested that the agency make provisions for storage and that it assured her that a truck would be at the premises to pick up the furniture. Petitioner also testified that she reported the theft of the furniture to the police. Finally, she claimed that her landlord sent a letter to the local agency regarding the temporary use of the furniture. There is nothing in the record to impugn her testimony. In these circumstances the denial of the application is wholly unsupported. Although the petitioner, of course, bears the burden of establishing eligibility, the verification which the agency claims to be missing would seem to be entirely within the agency's possession. Had the agency introduced complete records and testimony by persons having knowledge of the facts, the present controversy might have been avoided. Accordingly, the matter is remanded for a further hearing. Rabin, J. P., Margett, Martuscello and Weinstein, JJ., concur.